1    Joel R. Weiner (SBN 139446)
     joel.weiner@katten.com
2    Shelby Palmer (SBN 329450)
     shelby.palmer@katten.com
3    **KATTEN MUCHIN ROSENMAN LLP**
     2029 Century Park East, Suite 2600
4    Los Angeles, CA 90067-3012
     Telephone:  310.788.4400
5    Facsimile:  310.788.4471

6    Attorneys for Defendants
     Universal Studios Company LLC,
7    Bob Gale and Robert Zemeckis

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                            **WESTERN DIVISION**

| | |
|---|---|
| 11  JESSE LEE VINT III | Case No. 2:20-cv-06787 GW (MRWx) |
| 12          Plaintiff, | |
| 13      *vs.* | **DEFENDANTS UNIVERSAL STUDIOS COMPANY LLC, BOB GALE AND ROBERT ZEMECKIS'S NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 14  UNIVERSAL STUDIOS COMPANY, LLC MAX BAER JR., ROGER CAMRAS, BOB | |
| 15  GALE, ROBERT ZEMECKIS *and* DOES 1-100, inclusive, | |
| 16 | |
| 17          Defendants. | [[Proposed] Order filed concurrently herewith] |
| 18 | Hearing Date:  April 27, 2021 |
| 19 | Time:  8:30 a.m. |
| 20 | Courtroom:  9D |
| | Judge:  Hon. George H. Wu |
| 21 | |
| 22 | Complaint Filed:  June 1, 2020 |
| | Complaint Removed:  July 29, 2020 |

23

24

25

26

27

28

                                                          (2:20-cv-06787)

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 27, 2021, at 8:30 a.m., or as soon thereafter as this matter may be heard in Courtroom 9D before the Honorable George H. Wu, located at First Street Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Defendants Universal Studios Company LLC ("Universal"), Bob Gale ("Gale") and Robert Zemeckis ("Zemeckis") (collectively, "Moving Defendants") will and do hereby move this Court pursuant to Fed. R. Civ. P. 12(b)(6) for an Order dismissing the Second Amended Complaint ("SAC") of Plaintiff Jesse Lee Vint III ("Plaintiff").

This motion is made following a conference per Local Rule 7-3 between counsel for Moving Defendants and Plaintiff in *pro se* on February 18, 2021, via email/letter from counsel for Moving Defendants to Plaintiff, insofar as Plaintiff has declined to communicate by telephone.  (The parties also had several prior discussions and correspondence pertaining to the original Complaint and First Amended Complaint).  Plaintiff has refused to dismiss his claim, and no resolution was reached.

Moving Defendants move for an Order dismissing the SAC on the ground that it fails to state a claim upon which relief can be granted.  Among other reasons, Plaintiff's SAC is time-barred by the two-year statute of limitations, which expired in 1987, and fails to allege facts sufficient to establish an implied-in-fact contract or breach by Moving Defendants.  Leave to amend would be futile.  Plaintiff has amended twice and cannot cure the defects.  Thus, the SAC should be dismissed without leave to amend and the action should be dismissed in its entirety with prejudice.

The motion is based upon the Notice of Motion and Motion, the Memorandum of Points and Authorities, the court filings in this action, such matters of which this Court must or may take judicial notice, and such other matters as the Court may properly consider in deciding this motion.

Dated:  March 11, 2021              **KATTEN MUCHIN ROSENMAN LLP**


By  /s/Joel R. Weiner
Joel R. Weiner
Attorneys for Defendants
Universal Studios Company LLC,
Bob Gale and Robert Zemeckis

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

# <u>TABLE OF CONTENTS</u>

**Page**

A.   INTRODUCTION ................................................................................... 1

B.   PROCEDURAL BACKGROUND .......................................................... 3

C.   THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT ................................. 3

   1.   Allegations Relevant to the Claim for Breach of Implied-in-Fact Contract ................ 3

   2.   Allegations Relevant to the Statute of Limitations Defense. ........................ 4

D.   LEGAL STANDARDS FOR MOTIONS TO DISMISS ......................................... 6

E.   ARGUMENT ........................................................................................ 7

   1.   Plaintiff's sole claim for breach of implied-in-fact contract is time-barred by the two-year statute of limitations, which expired in 1987 ............................ 7

      a.   A two-year statute of limitations governs Plaintiff's claim. ...................... 7

      b.   Plaintiff's claim accrued when *Back to the Future* was released in theaters in 1985, and, thus, the two-year statute of limitations expired in 1987. ......................................................................... 7

      c.   The "discovery rule" does not apply to postpone accrual of the claim. .......... 8

      d.   Plaintiff's allegations regarding the 1986 copyright registration of the fourth draft of the *Back to the Future* screenplay are immaterial. ............... 11

      e.   Ninth Circuit law authorizes the district court to dismiss without leave to amend a time-barred complaint that cannot be corrected. ..................... 14

   2.   Plaintiff fails to allege facts to support a claim for breach of implied-in-fact contract ...................................................................... 15

      a.   The elements of a claim for breach of implied-in-fact contract. ................ 15

      b.   Plaintiff fails to allege privity of contract with Moving Defendants. ........... 15

      c.   Plaintiff fails to allege that he submitted his story idea for sale. .............. 16

      d.   Plaintiff's stray allegations of idea theft and plagiarism fail to state a claim. .............................................................................. 16

   3.   As leave to amend would be futile, the action should be dismissed with prejudice. .......................................................................... 17

F.   CONCLUSION ...................................................................................... 18

NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT

147923824

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel  310.788.4471 fax

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Armenta v. Bank of Am.*,
No. CV 11-9012-GW(SHX), 2012 WL 13012811 (C.D. Cal. Jan. 12, 2012)........................15

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)........................................................................................................6, 7

*ATPAC, Inc. v. Aptitude Sols, Inc.*,
No. CIV. 2:10294WBSKJM, 2010 WL 1779901 (E.D. Cal. Apr. 29, 2010) ........................12

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..............................................................................................................6

*Benay v. Warner Bros. Entertainment, Inc.*,
607 F.3d 620 (9th Cir. 2010) ................................................................7, 8, 15, 16

*Chappel v. Lab. Corp. of Am.*,
232 F.3d 719 (9th Cir. 2000) ..............................................................................................17

*Chodos v. West Publishing Co.*,
292 F.3d 992 (9th Cir. 2002) ..............................................................................................17

*Desny v. Wilder*,
46 Cal. 2d 715 (1956) ..........................................................................................................16

*Donahue v. Ziv Television Programs, Inc.*,
245 Cal. App. 2d 595 (1966) ..............................................................................................16

*Fox v. Ethicon Endo-Surgery, Inc.*,
35 Cal. 4th 797 (2005) ....................................................................................................9, 11

*Hebrew Academy of San Francisco v. Goldman*,
42 Cal. 4th 883 (2007) ..........................................................................................................9

*Heger v. Kiki Tree Pictures Inc.*,
CV 17-03810, 2017 WL 5714517 (C.D. Cal. 2017).............................................................4

*Jolly v. Eli Lilly & Co.*,
44 Cal. 3d 1110 (1988) ........................................................................................................14

*KKMB, LLC v. Khader*,
No. CV 18-5170-GW(JPRX), 2018 WL 6012225 (C.D. Cal. Oct. 4, 2018) ........................15

*Klekas v. EMI Films, Inc.*,
150 Cal. App. 3d 1102 (1984) ............................................................................................16

*Leon v. Wells Fargo Bank, N.A.*,
No. 17-CV-03371-BLF, 2018 WL 3474182 (N.D. Cal. July 19, 2018)...............................13

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

*Long v. Walt Disney Co.*,
    116 Cal. App. 4th 868 (2004) ...........................................................................9

*Mann v. Columbia Pictures, Inc.*,
    128 Cal. App. 3d 628 (Ct. App. 1982) ..........................................................16

*Moss v. U.S. Secret Serv.*,
    572 F.3d 962 (9th Cir. 2009) ............................................................................7

*NBCUniversal Media, LLC v. Superior Court*,
    225 Cal. App. 4th 1222 (2014) ...........................................................7, 8, 9, 12

*North Star Int'l v. Arizona Corp. Comm'n*,
    720 F.2d 578 (9th Cir. 1983) ............................................................................7

*O'Connor v. Franke*,
    No. CV 16-3542 PA (JCX), 2017 WL 7833773 (C.D. Cal. June 26, 2017)...........17

*Perez-Encinas v. AmerUs Life Ins. Co.*,
    468 F. Supp. 2d 1127 (N.D. Cal. 2006) ............................................................8

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008) ............................................................... *passim*

*Robertson v. McNeil-PPC, Inc.*,
    No. LACV1109050JAKSSX, 2013 WL 12124098 (C.D. Cal. June 19, 2013)..........13

*Sharp v. Nationstar Mortg.*,
    LLC, 701 F. App'x 596 (9th Cir. 2017) ..........................................................15

*Shively v. Bozanich*,
    31 Cal. 4th 1230 (2003) ...................................................................................9

*Sisseton-Wahpeton Sioux Tribe v. United States*,
    90 F.3d 351 (9th Cir. 1996) ........................................................................7, 17

*Survivor Prods. LLC v. Fox Broadcasting Co.*,
    No. CV01-3234 LGB, 2001 WL 35829267 (C.D. Cal June 12, 2001) ..................13

*Taiwan C.R. Litig. Org. v. Kuomintang Bus. Mgmt. Comm.*,
    486 F. App'x 671 (9th Cir. 2012) ....................................................................15

*Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*,
    798 F.2d 1289 (9th Cir. 1986) ..........................................................................4

*Walters v. California Dep't of Corr. & Rehab.*,
    No. 217CV2393KJMKJNP, 2018 WL 1900021 (E.D. Cal. Apr. 20, 2018)...........14

*Walters v. California Dep't of Corr. & Rehab.*,
    No. 217CV2393MCEKJNP, 2018 WL 341792 (E.D. Cal. Jan. 9, 2018), report
    and recommendation adopted sub nom. *Walters v. California Dep't of Corr. &
    Rehab.*, No. 217CV2393KJMKJNP, 2018 WL 1900021 (E.D. Cal. Apr. 20, 2018) .............14

*Wolf v. Travolta*,
    167 F. Supp. 3d 1077 (C.D. Cal. 2016) ...............................................11, 12, 13

Katten

Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

iii                                    (2:20-cv-06787)

*In re World Auxiliary Power Co.,*
   303 F.3d 1120 (9th Cir. 2002) ..............................................................13

**Statutes**

Cal. Civ. Proc. Code § 339(1) ..................................................................7

**Rules**

Rule 12(b)(6) of the Federal Rules of Civil Procedure ...............................6

**Katten**
KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

# MEMORANDUM OF POINT AND AUTHORITIES

## A.   INTRODUCTION

This lawsuit pertains to the acclaimed 1985 motion picture *Back to the Future*, written by defendants Bob Gale ("Gale") and Robert Zemeckis ("Zemeckis"), directed by Zemeckis, and produced and distributed by Universal Pictures.  Defendants Gale, Zemeckis and Universal Studios Company LLC ("Universal") (collectively, "Moving Defendants") move to dismiss the Second Amended Complaint ("SAC") in its entirety, without leave to amend, ending this frivolous lawsuit.

In the SAC, *pro se* Plaintiff Jesse Lee Vint III ("Plaintiff" or "Vint") alleges that he is the true originator of the story idea for *Back to the Future*.  He alleges he came up with the idea in 1984, disclosed it to a business colleague who supposedly disclosed it to others who out of dislike for Plaintiff shared the idea with Gale and Zemeckis.  Plaintiff's claim is pure fiction.

Regardless, Plaintiff filed this lawsuit 33 years too late.  *Back to the Future* premiered in 1985.  The law is clear that Plaintiff's sole claim for breach of implied-in-fact contract is subject to a two-year statute of limitations that accrued as a matter of law when the movie premiered in 1985.  The statute of limitations on Plaintiff's purported claim therefore expired in 1987.  The rest of this brief is largely explanatory or superfluous, as the claim is so clearly time-barred.

Plaintiff tries to invoke "delayed discovery" to "toll" the statute of limitations based on "new information" (from 1986) that he purportedly learned of in 2019.  The delayed discovery doctrine, however, does not apply to a claim for use of an idea in a publicly released motion picture because the use of the idea is open to view and not hidden from the plaintiff.  Here, Plaintiff was deemed to be on notice of his claim once the film premiered in 1985 allegedly using his story ideas.  He had two years, until 1987, to investigate and file suit.  He filed in 2020, more than three decades too late.

Yet, even assuming, *arguendo*, that Plaintiff had alleged a claim to which the delayed discovery doctrine theoretically could apply, it applies only where a plaintiff is not on inquiry notice of his claim.  Here, Plaintiff repeatedly admits in the SAC that he was *actually* aware of his claim in 1985, alleging, among other things, that he "first confronted [an individual about it] in the summer of 1985, one month after the release of *Back to the Future*."  (SAC ¶ 28.)  He claims that the story lines, ages of the characters and dates chosen for the time travel are so similar that they must have

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Katten
KattenMuchinRosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

been copied.  (SAC ¶¶ 27, 32-34.)  He consulted with attorneys about the claim "at this time," in 1985.  (SAC, Ex. 2, ¶¶ 1, 2.)  In an exhibit to his SAC, Plaintiff concedes that he knew of his claim and made a conscious decision not to sue, asserting that no attorney would take his case and that he was discouraged by the verdicts in the O.J. Simpson and Robert Blake murder trials.  (SAC, Ex. 2.)

Fortunately, the Court need not rehash what happened decades ago, because Plaintiff's claim is so clearly time-barred on its face based on the 1985 "worldwide release" of *Back to the Future*, along with Plaintiff's admitted awareness of his claim at that time.  There is no scenario in which this claim is not time-barred, and there is nothing Plaintiff can allege to save it.  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008) (affirming dismissal of complaint based on statute of limitations, without leave to amend, where amendment would be futile).

As an additional ground to dismiss, the SAC fails to state a claim because it does not allege facts to establish a contractual relationship between Plaintiff and Moving Defendants.  To the contrary, Plaintiff alleges that he disclosed his idea only to Roger Camras (who had no association with Moving Defendants and was not involved in *Back to the Future*).  Plaintiff does not allege that he had any relationship, mutual understanding or contact of any kind with Gale or Zemeckis.  Under Ninth Circuit law, privity of contract is required for a claim of breach of implied-in-fact contract and is absent here.  Furthermore, even as to Camras, Plaintiff alleges that he did not disclose his story idea for the purpose of entering into an agreement with Camras, but to the contrary, to explain to Camras that his story idea was *not* for sale.  Thus, Plaintiff's own allegations negate a required element needed to state a claim for breach of implied-in-fact contract, *i.e.,* the submission of an idea for sale to the recipient.  As such, the SAC contains no plausible factual basis for a claim of breach of implied-in-fact contract against any defendant, even if Plaintiff's claims were not time-barred.

Plaintiff has now had three chances to allege a claim.  Plaintiff cannot state a claim, and it is clear from the increasingly offensive and accusatory allegations in the SAC and Exhibit 2 thereto that this lawsuit has run its course.  The Court should grant the motion to dismiss without leave to amend, and dismiss this action in its entirety, with prejudice.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

**B.**     **PROCEDURAL BACKGROUND**

Plaintiff has been given leave to amend twice.  Each time, he has been afforded several months to try to allege a claim.  Moving Defendants extensively briefed the prior two motions to dismiss, and the Court held two prior hearings and subsequently issued two detailed rulings.  Thus, Plaintiff has been given plenty of time and plenty of guidance and admonitions, and it is now clear he cannot state a claim.  This is Moving Defendants' third motion to dismiss, and for the reasons stated below, it should be granted without leave to amend.

**C.**     **THE ALLEGATIONS OF THE SECOND AMENDED COMPLAINT**

**1.**     **Allegations Relevant to the Claim for Breach of Implied-in-Fact Contract.**

Plaintiff alleges he started writing a screenplay called *Fathers and Sons* in 1984 about a 15-year-old boy who would travel back in time from 1984 to 1955 when he would be the same age as his father and they would meet in high school (the "story idea").  (SAC, ¶¶ 17-20.)  Plaintiff's inspiration for the story idea was his relationship with his own son; the years and ages that Plaintiff chose were based on his and his son's ages and birthdates.  (SAC, ¶¶ 18-20.)

Plaintiff alleges he disclosed the story idea in confidence to defendant Roger Camras in 1984, a film producer with whom Plaintiff had been working on other projects for some years. Plaintiff alleges he disclosed his story idea to Camras not to sell it, but to explain to Camras that it was not a sequel to another script Plaintiff had recently written for Camras entitled *Hometown USA*. (SAC, ¶¶ 18, 21.)  A short time later, Camras called Plaintiff to inform him that defendant Max Baer Jr. (Camras's producing partner) was interested in the story idea and wanted to make a movie about traveling back in time to when he was the same age as his own father – the late heavyweight boxing champion, Max Baer, Sr. – and then fighting his father in the ring.  Plaintiff, who had had a falling out with Baer, alleges he "rejected the idea outright, saying he would never have Max Baer as a creative partner, even with a gun to his head."  (SAC, ¶¶ 12, 22.)  Plaintiff alleges he "made it very clear" to Camras that neither he nor Baer had any rights to the story line or to Plaintiff's screenplay, and that the "storyline idea [] was not available for sale."  (SAC, ¶¶ 23, 24) (emphasis added).

Plaintiff alleges that Baer was so angered by the rejection that he took his revenge by stealing the story idea.  (SAC, ¶ 24.)  But Plaintiff does not allege that Baer used the story idea to make a

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

film about himself and his father the boxer, or to make any film.  Rather, Plaintiff alleges that a film editor named Frank Morriss[1] worked on several films with Camras and Baer, and one film with defendants Zemeckis and Gale.  (SAC, ¶ 25.)  Plaintiff then speculates that "[o]n information and belief…Frank Morris [sic] shared the *Fathers and Sons* story idea with his employer, Robert Zemeckis and Zemeckis's long-time writing partner, Bob Gale."  (SAC, ¶ 26.)  This "information and belief" allegation is untrue, but regardless, there is no claim, as shown below.[2]

### 2. Allegations Relevant to the Statute of Limitations Defense.

After disclosing his story idea to Camras in 1984, Plaintiff alleges:

27.   About one year and four months after these events the feature film *Back to the Future* was released by UNIVERSAL, a screenplay which featured an identical story idea and a timeline which was precisely in line with that which Plaintiff Vint had shared with Defendant Camras.

28.   The film editor for Max Baer Productions at this time was Max Baer's friend Mr. Frank Morris [sic], who was also an editor for Defendant Zemeckis on another film, *Romancing The Stone*, and who was also aware of the story idea shared by Plaintiff Vint, according to Frank Morris's [sic] own words when Plaintiff Vint first confronted him in the summer of 1985, one month after the release of *Back to the Future*.

---

[1] Plaintiff misspells the last name as Morris.  Mr. Morriss passed away in 2013, 28 years after the release of *Back to the Future*, a film with which he was not involved.  *Valley Broad. Co. v. U.S. Dist. Ct. for Dist. of Nevada*, 798 F.2d 1289, 1290 (9th Cir. 1986) (judicial notice of death based on Los Angeles Times article).  https://www.legacy.com/obituaries/latimes/obituary.aspx?n=frank-e-morriss&pid=165972832.

[2] Notably, Plaintiff does not allege that he, Camras or Baer had any contact with or any relationship of any kind with any Moving Defendants; or that Camras, Baer or Morriss had any involvement with or credits on *Back to the Future* – they did not.  (SAC, ¶¶ 14-26, 63-66.)  *Heger v. Kiki Tree Pictures Inc.*, CV 17-03810, 2017 WL 5714517 at *4 (C.D. Cal. 2017) (judicial notice that certain individuals were and were not included in film's screen credits).

Katten
KattenMuchinRosenmanllp
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

29.     It would eventually be Defendant Zemeckis and his partner Defendant Gale who would be hailed as the writers of the screenplay and Defendant Bob Gale as the originator of the "story idea" for "*Back to the Future*," and it is clear that Mr. Morris [sic] was a common link which in overwhelming probability had given the two persons prior access to Plaintiff Vint's story idea.

30.     A **story idea** is very often a separate on-screen credit given to screen writers.  Without the story idea, the film *Back to the Future* could not be made. It was Plaintiff Vint's story idea that was plagiarized during the Plaintiff's writing process.

31.     It is this story idea that is the basis of this Complaint.

32.     The mathematical probability that the 1969 birth year of Plaintiff's son, the birth year of Plaintiff (1940), and traveling to the year 1955 where the two of them are the same age is highly unlikely.

33.     The parties who claimed to have written and contributed to the creation of the film *Back to the Future* — Defendants — had ample access to Plaintiff and his screenplay *Fathers and Sons*, leaving no other conclusion than Plaintiff Vint's work was infringed upon and plagiarized by Defendants.

34.     The specific details and elements present in both Plaintiff's original screenplay *Fathers and Sons* and that which would eventually become *Back to the Future* are so substantially similar as to lend to no other possible conclusion than that theft and/or plagiarism existed.

(SAC, ¶¶ 27-32.)  Plaintiff knew all of this in 1985, but chose not to sue, stating:

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**
147923824

*Vint did not move forward with a lawsuit at the time of his discovery

of the theft of intellectual property on the date of the film BACK TO

THE FUTURE's world-wide release in 1985 simply because, in spite

of the overwhelming mathematical probability that is far beyond a

thousand to one that the defendants were guilty of intellectual property

theft, his evidence was still ultimately circumstantial, and moving

forward with a lawsuit against Universal Studios would have proven

utterly futile and a waste of everybody's time according to every

single lawyer that Plaintiff Vint consulted with at that time.  In short,

no attorney would take the case against Universal Studios, whose

resources are known to be infinite.  This is why Plaintiff Vint decided

to fight for his cause Pro Se.

(SAC, Ex. 2, first paragraph.)[3]  Plaintiff further asserts in his Exhibit 2 that the verdicts in the O.J.

Simpson and Robert Blake murder trials also influenced him to refrain from suing.

Plaintiff alleges that – more than 30 years later – "[o]n or about July 2019, Vint hired a

professional investigator to research facts related to these events."  (SAC, ¶ 53.)  Plaintiff does not

state why he waited until 2019 to hire the investigator.  Plaintiff alleges that the investigator located

hundreds of copyright registrations related to *Back to the Future* through "modern research"

(apparently through Internet searches of the U.S. Copyright Office, which logs all copyright

registrations).  Plaintiff relies specifically on a registration filed in 1986 regarding "Back to the

future :  fourth draft," attached as Exhibit 1 to the SAC, which he alleges should toll the statute of

limitations because the creation and registration dates allegedly somehow support his claim.

**D.     LEGAL STANDARDS FOR MOTIONS TO DISMISS**

To survive a motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil

Procedure, a plaintiff's complaint must allege "enough facts to state a claim to relief that is plausible

on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662,

---

[3] References to Exhibit 2 to the SAC pertain to Exhibit 2 attached to Plaintiff's Notice of Errata, in which Plaintiff withdrew his original Exhibit 2 and replaced with his original Exhibit 3.  (Dkt. #33.)

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

678 (2009).   By contrast, a pleading that only "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   *Iqbal*, 566 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).   Indeed, "[s]uch conclusory statements 'are not entitled to the assumption of truth.'"   *Id.* at 679.   Plaintiff must plead "non-conclusory factual content" that is "plausibly suggestive of a claim entitling the plaintiff to relief."   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).   Dismissal is proper if a "complaint is vague, conclusory, and general and does not set forth any material facts in support of the allegations."   *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).   Leave to amend is properly denied when amendment would be futile.   *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

**E.   ARGUMENT**

    **1.   Plaintiff's sole claim for breach of implied-in-fact contract is time-barred by the two-year statute of limitations, which expired in 1987.**

        **a.   A two-year statute of limitations governs Plaintiff's claim.**

    Under California law, there is a two-year statute of limitations on claims for breach of implied-in-fact contract.   *See* Cal. Civ. Proc. Code § 339(1) ("Within two years:  1. An action upon a contract, obligation or liability not founded upon an instrument of writing"); *Benay v. Warner Bros. Entertainment, Inc.*, 607 F.3d 620, 633 (9th Cir. 2010) (two-year statute of limitations applied where plaintiff claimed that defendants used plaintiff's script in creating the film *The Last Samurai*); *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222 (2014) (two-year statute of limitations barred claim for breach of an implied-in-fact contract where plaintiff claimed that defendants used plaintiff's concepts and ideas for a ghost investigation television series in creating the television series *Ghost Hunters*).

        **b.   Plaintiff's claim accrued when *Back to the Future* was released in theaters in 1985, and, thus, the two-year statute of limitations expired in 1987.**

    A claim for breach of an implied-in-fact contract based on alleged use of a plaintiff's movie idea accrues – and the statute of limitations begins to run – no later than the date on which the movie is released.   *Benay v. Warner Bros. Entertainment, Inc.*, 607 F.3d at 633 (claim held to be timely where the plaintiff filed "exactly two years after the release of the Film").   *Benay* rejected the

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

7

(2:20-cv-06787)

defendants' argument that the statute of limitations commenced *before* the release of the film, stating that "California courts generally assume that the accrual date is the date on which the work is released to the general public." *Id.* (citing Nimmer on Copyright and discussing California case authorities). *See also NBCUniversal Media*, 225 Cal. App. 4th 1222, 1231 (the two-year statute of limitations for the breach of implied contract claim began to run "no later than the date when *Ghost Hunters* [cable television] show was released to the general public").

*Back to the Future* was released in mid-1985. (SAC, ¶¶ 27-28; *see also* SAC Ex. 2, first paragraph, referring to "the film BACK TO THE FUTURE's world-wide release in 1985"). Plaintiff's claim for breach of implied-in-fact contract accrued at that time. Accordingly, the two-year statute of limitations commenced running in 1985 and expired in 1987.

### c.    The "discovery rule" does not apply to postpone accrual of the claim.

Plaintiff argues that the statute of limitations should be delayed for 30+ years under the "discovery rule" because lawyers told him in the 1980s that he did not have sufficient evidence to win his case; and because an investigator whom Plaintiff hired in 2019 did an online search of the U.S. Copyright Office records and informed Plaintiff of a copyright registration for a *Back to the Future* script (fourth draft) that Plaintiff claims he could not have found on his own and that he believes somehow supports his claim. (SAC, ¶¶ 44-46, 53-61; SAC Ex. 2.)

Plaintiff misunderstands the statute of limitations and the discovery rule. As a general matter, the discovery rule applies to tort actions and not to contract actions except in limited situations not present here. As explained in *NBCUniversal Media*, "for 'certain, rather unusual breach of contract actions', 'the discovery rule may be applied to breaches which can be, and are, committed in secret, and, moreover, where the harm flowing from those breaches will not be reasonably discoverable by plaintiffs until a future time.'" 225 Cal. App 4th at 1233 (citing *April Enterprises Inc. v. KTTV*, 147 Cal. App. 3d 805, 831, 832 (1983) ("A common thread seems to run through all the types of actions where courts have applied the discovery rule. The injury or the act causing the injury, or both, have been difficult for the plaintiff to detect.")).[4]

---

[4]  *See also Perez-Encinas v. AmerUs Life Ins. Co.*, 468 F. Supp. 2d 1127, 1134 (N.D. Cal. 2006) (declining to apply discovery rule to delay accrual of breach of contract action because alleged

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Katten
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

147923824

Here, the discovery rule cannot possibly apply because the basis of Plaintiff's claim is that his story idea was used in the 1985 worldwide release of the hit motion picture *Back to the Future* – the story idea was there for all to see.  Furthermore, defendants Zemeckis and Gale were "hailed as the writers of the [multi-award-winning] screenplay and Defendant Bob Gale as the originator of the 'story idea' for "*Back to the Future*."  (SAC ¶¶ 27, 35.)  Zemeckis and Gale were nominated at the 1986 Academy Awards for Best Original Screenplay.[5]  The alleged use of Plaintiff's story idea was not hidden from Plaintiff or hard for Plaintiff to detect, to say the least.  It is hard to imagine a more definitive case in which the discovery rule does not apply.

Indeed, in analogous circumstances, California courts have repeatedly held that the discovery rule does not apply.  *See, e.g.*, *NBCUniversal Media, LLC v. Superior Court*, 225 Cal. App. 4th 1222 (discovery rule inapplicable to claim for breach of implied-in-fact contract once *Ghost Hunters* was telecast on cable television), discussing *Shively v. Bozanich*, 31 Cal. 4th 1230 (2003) (discovery rule inapplicable; statute of limitations on defamation claim ran from when book was published); *Hebrew Academy of San Francisco v. Goldman*, 42 Cal. 4th 883 (2007) (discovery rule inapplicable; statute of limitations on defamation claim ran from when book was published); *Long v. Walt Disney Co.*, 116 Cal. App. 4th 868 (2004) (discovery rule inapplicable; statute of limitations on misappropriation of likeness claim ran from when images were broadcast on national television).

Yet, even in cases where the delayed discovery rule applies, the statute of limitations is tolled only until "the plaintiff discovers, or has reason to discover, the cause of action."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005).  "The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action."  *Id.*  "A plaintiff is on inquiry notice when she 'suspects or should suspect that her injury was caused by wrongdoing, that someone has done something wrong to her.'"  *NBCUniversal Media*, 225 Cal. App 4th at 1236 (quoting *Jolly v. Eli Lilly & Co*., 44 Cal. 3d 1110 (1988)).

---

breach of contract was not difficult to detect, breach was not secretive, and defendant was not responsible for circumstances preventing plaintiffs from knowing about alleged breach).

[5] https://en.wikipedia.org/wiki/Back_to_the_Future#Accolades

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

Plaintiff cannot invoke the discovery rule because in his pleading he unequivocally and repeatedly admits he was on notice of his claim in 1985. (See quoted allegations from SAC, ¶¶ 27-32 and SAC, Ex. 2, in Section C.2., above.) Plaintiff alleges, among other things, that:

- He was aware of the release of *Back to the Future* in 1985 (SAC, ¶¶ 27-28);

- It "featured an identical story idea and a timeline which was precisely in line with that which Plaintiff Vint had shared with Defendant Camras" (SAC, ¶ 27);

- He was immediately suspicious and confronted Frank Morriss about it "in the summer of 1985, one month after the release of *Back to the Future*" (SAC, ¶ 28);

- "The mathematical probability that the 1969 birth year of Plaintiff's son, the birth year of Plaintiff (1940), and traveling to the year 1955 where the two of them are the same age is highly unlikely" (SAC, ¶ 32);

- Zemeckis and Gale "had ample access to Plaintiff and his screenplay "*Fathers and Sons*," leaving no other conclusion than Plaintiff Vint's work was infringed upon and plagiarized by Defendants" (SAC, ¶ 33)[6];

- "The specific details and elements present in both Plaintiff's original screenplay *Fathers and Sons* and that which would eventually become *Back to the Future* are so substantially similar as to lend to no other possible conclusion than that theft and/or plagiarism existed" (SAC, ¶ 34);

- Plaintiff was considering "moving forward with a lawsuit" and had consulted with multiple lawyers. (In Exhibit 2 to the SAC, Plaintiff refers to "every single lawyer that Plaintiff Vint consulted with at that time" and "the attorneys that Plaintiff Vint consulted with," SAC, Ex. 2, paragraphs 1 and 2.)

Thus, Vint was not only on notice of his claim, he was certain of it. In his mind, his story idea was used in *Back to the Future* as a result of his disclosure to Camras, and the story lines and ages/dates chosen for the story lines were so similar that in his mind there was "no other possible

---

[6] Plaintiff knew that Mr. Morriss was the editor on three of Camras/Baer's films and the editor on Zemeckis's *Romancing the Stone* (SAC, ¶ 25), which was released in 1984. https://www.imdb.com/title/tt0088011/releaseinfo.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Katten

KattenMuchinRosenmanLLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

147923824

conclusion than that theft and/or plagiarism existed."  (SAC, ¶ 34.)  Plaintiff even consulted multiple attorneys, though none would take his case.  (SAC, Ex. 2, paragraphs 1 and 2.)

Plaintiff's allegations *negate* any application of the discovery rule.  "In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence."  *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (internal quotations and citations omitted).  Here, Plaintiff's SAC alleges that "the time and manner of discovery" of his claim was the summer of 1985 when *Back to the Future* was released in theaters worldwide.  This forecloses him from relying on the discovery rule.  Plaintiff's claim accrued in 1985 and the two-year statute of limitations expired in 1987.  Based on his own allegations, Plaintiff's claim is clearly time-barred on the face of the SAC, and there is nothing Plaintiff can argue to avoid dismissal.

### d. Plaintiff's allegations regarding the 1986 copyright registration of the fourth draft of the *Back to the Future* screenplay are immaterial.

Plaintiff's sole argument for trying to avoid the statute of limitations – that he hired an investigator in 2019 who performed online research and informed Plaintiff of the 1986 registration of the fourth draft of the *Back to the Future* script – does not invoke tolling, for multiple reasons:

First, Plaintiff was on notice of his claim in 1985 regardless of his 2019 discovery of the 1986 registration.  As the Ninth Circuit has acknowledged, a plaintiff is on inquiry notice under California law "when, simply put, he at least suspects that someone has done something wrong to him, wrong being used, not in any technical sense, but rather in accordance with its lay understanding…. A plaintiff need not be aware of the specific facts necessary to establish a claim since they can be developed in pretrial discovery.  Wrong and wrongdoing in this context are understood in their lay and not legal senses."  *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008) (dismissal affirmed); *see also Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1102 (C.D. Cal. 2016) ("The discovery rule does not require absolute certainty for a cause of action to accrue.  Rather, suspicion of one or more of the elements of a cause of action, coupled with

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

knowledge of any remaining elements, will generally trigger the statute of limitations period.") (internal quotations and citations omitted); *id.* at 1096 ("'mere [ ] ignorance of evidence is not ignorance of a *potential* claim'") (internal quotations and citations omitted) (emphasis in original).

Second, even assuming, *arguendo*, that the 1986 registration was needed to put Plaintiff on inquiry notice of his claim (which it clearly was not), Plaintiff has not alleged facts to establish that he could not have located the information sooner in the exercise of reasonable diligence.  He alleges no reason why he waited until 2019 to hire the "professional investigator," nor that he or the investigator could not have found the information earlier.  And despite his ramblings on Internet search engine technology and DNA evidence, he fails to allege that he even tried to search the publicly available copyright records.  Certainly, the telephone or mail was available to Plaintiff in the 1980s, 1990s or 2000s to contact the U.S. Copyright Office if he chose to do so, or a search service.  Additionally, the Copyright Office had expansive copyright registration information readily available online no later than 2013, but Plaintiff never checked.[7]  To the contrary, the SAC demonstrates that Plaintiff did nothing to search the *Back to the Future* copyright records until 2019, decades after the statute of limitations on his claim had already expired.  He has not alleged facts to establish reasonable diligence, and, regardless, he is "charged with information that could have been gained by examining public records."  *NBCUniversal Media*, 225 Cal. App. 4th at 1236; *Platt*, 522 F.3d at 1056 (the statute begins to run when plaintiff is on inquiry notice "or has the opportunity to obtain knowledge from sources open to [its] investigation (such as public records…)").

Third, the 1986 registration does not reflect any nefarious conduct, as Plaintiff recklessly argues.  Plaintiff erroneously suggests that the reference on the registration to "Date of Creation: 1984" pertains to the earliest draft of *Back to the Future*, but the face of the registration states that the registration pertains to the "fourth draft."  He also tries to suggest a cover-up because the authors

---

[7] As stated in the Copyright Office's Circular 22 (02/2013):  "In addition, Copyright Office records in machine-readable form cataloged from January 1, 1978, to the present, including registration and renewal information and recorded documents, are available for searching from the Copyright Office website at www.copyright.gov."  https://www.copyright.gov/circs/circ22.pdf.  *ATPAC, Inc. v. Aptitude Sols., Inc.*, No. CIV. 2:10294WBSKJM, 2010 WL 1779901, at *3 (E.D. Cal. Apr. 29, 2010) (taking judicial notice of a copy of the Copyright Office's webpage). Prior to Internet availability, it was common practice to use a search firm to obtain information from the U.S. Copyright Office.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

did not register earlier versions of the script and filed the fourth draft in 1986 instead of 1984, even though there is no requirement of registering prior versions of a work, registering a work the same year it is created, or registering it at all.  His conspiracy theories do not support a claim, and his defamatory allegations – that the writers of *Back to the Future* told "lies" and "attempted to backdate the film" (SAC, ¶¶ 54, 55) – should be stricken.  *See Survivor Prods. LLC v. Fox Broadcasting Co.*, No. CV01-3234 LGB (SHx), 2001 WL 35829267, at *3 (C.D. Cal June 12, 2001) ("scandalous" allegations that may be stricken include those that cast a cruelly derogatory light on a party).[8]

Fourth, Plaintiff alleges he was justified in choosing not to file suit in 1985 because various attorneys he consulted discouraged him from suing.  The fact that Plaintiff consulted counsel, however, does not justify his delay in suing; to the contrary, it reinforces that he was on notice of his claims in 1985.  *Wolf*, 167 F. Supp. 3d at 1093-1094, 1096 (although plaintiff "thought it seemed clear that [defendant had infringed], [plaintiff's attorney advised her that] more evidence was needed before any legal action could be taken"; tolling denied); *Leon v. Wells Fargo Bank, N.A.*, No. 17-CV-03371-BLF, 2018 WL 3474182, at *4 (N.D. Cal. July 19, 2018) ("the fact that [plaintiff] actually began and abandoned an investigation of his claims [by consulting a lawyer] during the limitations period is inconsistent with his current assertion of delayed discovery and, in fact, shows that he had reason to believe he had [a claim]"); *Robertson v. McNeil-PPC, Inc.*, No. LACV1109050JAKSSX, 2013 WL 12124098, at *6, n.4 (C.D. Cal. June 19, 2013) (plaintiff's delayed discovery argument could not stand where she consulted a lawyer about possible claims).[9]

---

[8] Contrary to Plaintiff's assertions, there are myriad reasons why a copyright registrant might wait to register a work, such as not wanting to disclose information before a film is released.  Regardless, the date of registration has nothing to do with the creation of a copyright.  *In re World Auxiliary Power Co.*, 303 F.3d 1120, 1131 (9th Cir. 2002) ("[C]opyright is created every time people set to paper, or fingers to keyboard, and affix their thoughts in a tangible medium").  Plaintiff's own copyrights have different years for the creation and registration (1996/2003, 1998/2003, 2000/2003, 2005/2008) and one was registered long after it was published.  (Dkt. #13-3, Weiner Declaration, Ex. A.)

[9] Plaintiff also alleges that the statute of limitations should be tolled based on defendants' fraudulent concealment of their misconduct (SAC ¶¶ 56, 61), but that doctrine does not apply even if there is active concealment where the plaintiff is nevertheless on inquiry notice of his claim.  *Wolf*, 167 F. Supp. 3d at 1094.  Furthermore, a defendant's denial of alleged wrongs does not constitute active concealment, otherwise there would be endless tolling in virtually every case.  *Id.* at 1096.

Katten
Katten Muchin Rosenman LLP

2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

13                                    (2:20-cv-06787)

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Finally, the purpose of the statute of limitations is not, as Plaintiff suggests, to permit him to bring a *pro se* lawsuit decades too late.  Rather,

> [T]he fundamental purpose of the statute [of limitations] is to give defendants reasonable repose, that is, to protect parties from defending stale claims.  A second policy underlying the statute is to require plaintiffs to diligently pursue their claims.  Because a plaintiff is under a duty to reasonably investigate and because a suspicion of wrongdoing, coupled with a knowledge of the harm and its cause, will commence the limitations period, suits are not likely to be unreasonably delayed, and those failing to act with reasonable dispatch will be barred.

*Jolly*, 44 Cal. 3d at 1112.[10]

### e.  Ninth Circuit law authorizes the district court to dismiss without leave to amend a time-barred complaint that cannot be corrected.

In *Platt,* a seller of space heaters brought claims against a defendant for negligently and fraudulently misrepresenting that defective heaters were safe. The district court granted a motion to dismiss the complaint, finding that the statute of limitations was not tolled or delayed under the discovery rule once plaintiff learned that the heaters were defective and had suffered economic injury from defendants' representations.  The Ninth Circuit affirmed the dismissal without leave to amend based on the statute of limitations, holding that any amendment would be futile.  522 F.3d at 1059-60.

---

[10] See also *Walters v. California Dep't of Corr. & Rehab.*, No. 217CV2393MCEKJNP, 2018 WL 341792, at *8 (E.D. Cal. Jan. 9, 2018), report and recommendation adopted sub nom.  *Walters v. California Dep't of Corr. & Rehab.*, No. 217CV2393KJMKJNP, 2018 WL 1900021 (E.D. Cal. Apr. 20, 2018) ("the purpose of the statute of limitations, to protect defendants from stale claims, must also be respected.  Defendants are entitled to notice of facts, and fairness 'demands that the defendant be able to anticipate claims that might follow from the facts alleged by the plaintiff.'" (citing *Percy v. San Francisco General Hosp.*, 841 F.2d 975, 979 (9th Cir. 1988)).

Katten
KattenMuchinRosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**
147923824

Just as in *Platt*, Plaintiff's claim is time-barred, delayed discovery does not apply, and the SAC cannot be cured by further amendment.  To the contrary, with each amendment, it has become clearer that Plaintiff's complaint is time-barred and he cannot state a claim as a matter of law.[11]

### 2. Plaintiff fails to allege facts to support a claim for breach of implied-in-fact contract.

#### a. The elements of a claim for breach of implied-in-fact contract.

In *Benay*, The Ninth Circuit recited the elements of a claim for breach of an implied-in-fact contract:

> To establish a case for breach of an implied-in-fact contract based on the submission of their Screenplay, the Benays must establish that: (1) they submitted the Screenplay for sale to Defendants; (2) they conditioned the use of the Screenplay on payment; (3) Defendants knew or should have known of the condition; (4) Defendants voluntarily accepted the Screenplay; (5) Defendants actually used the Screenplay; and (6) the Screenplay had value.  *Mann v. Columbia Pictures, Inc.*, 128 Cal.App.3d 628, 647 n.6 (Ct.App.1982); *see also Faris v. Enberg*, 97 Cal.App.3d 309, 318 (Ct.App.1979).

*Benay*, 607 F.3d at 629.  As set forth below, Plaintiff has not alleged (and cannot allege) facts to support the elements of this claim.

#### b. Plaintiff fails to allege privity of contract with Moving Defendants.

A claim for breach of an implied-in-fact contract requires the formation of a contractual relationship.  As such, the courts have repeatedly held that "[p]rivity between the parties is a necessary element of an implied-in-fact contract claim."  *Benay*, 607 F.3d at 634.  To establish privity, the plaintiff must allege and prove that he submitted his work to the defendants for sale in

---

[11]   *See also Sharp v. Nationstar Mortg.*, LLC, 701 F. App'x 596, 597 (9th Cir. 2017) (citing *Platt* and affirming district court's dismissal of plaintiff's time-barred claims); *Taiwan C.R. Litig. Org. v. Kuomintang Bus. Mgmt. Comm.*, 486 F. App'x 671 (9th Cir. 2012) (citing *Platt*).  Numerous courts in the Central District of California have similarly granted motions to dismiss time-barred claims on the pleadings, including this Court.  *See, e.g.*, *Armenta v. Bank of Am.*, No. CV 11-9012-GW(SHX), 2012 WL 13012811, at *3 (C.D. Cal. Jan. 12, 2012) (Judge Wu); *KKMB, LLC v. Khader*, No. CV 18-5170-GW(JPRX), 2018 WL 6012225, at *5 (C.D. Cal. Oct. 4, 2018) (Judge Wu).

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

exchange for payment, or the claims fails.  *Id.* (arguing no privity with screenwriter because plaintiffs did not submit work to him); *Mann v. Columbia Pictures, Inc.*, 128 Cal. App. 3d 628 (1982) (judgment notwithstanding the verdict was properly granted against all defendants, since plaintiff's outline was never submitted to defendants nor anyone acting as an agent for defendants).

In the SAC, Plaintiff alleges that he disclosed his story idea only to Camras (SAC, ¶¶ 14-26, 63-66),[12] and even then only for the purpose of informing Camras and Baer that it was *not* available for sale (SAC, ¶¶ 18, 21-24).  Plaintiff does not allege he submitted his script to Moving Defendants for sale, or at all.  Accordingly, Plaintiff has not alleged contractual privity, and has not alleged (and cannot allege) a claim for breach of implied-in-fact contract against Moving Defendants.

### c.    Plaintiff fails to allege that he submitted his story idea for sale.

A required element of a claim for breach of implied-in-fact contract – the lead element articulated by the Ninth Circuit in *Benay* – is that the Plaintiff submitted the work to the defendant for sale.  *Benay*, 607 F.3d at 629.  Plaintiff has not alleged this element.  He cannot correct this deficiency because he has expressly alleged the opposite – that "he made it very clear" to Camras that neither he nor Baer had any rights to the story line or to Plaintiff's screenplay, and that the "storyline idea [] was not available for sale."  (SAC, ¶¶ 23, 24).  Accordingly, Plaintiff has not alleged, and cannot allege, a breach of implied contract claim against Camras or Baer either.

### d.    Plaintiff's stray allegations of idea theft and plagiarism fail to state a claim.

In his SAC, Plaintiff reiterates that his ideas were "stolen," still failing to accept that ideas are not property.  As stated in *Desny v. Wilder*, 46 Cal. 2d 715, 731-32 (1956), and by many other courts, "[g]enerally speaking, ideas are as free as the air," are "usually not regarded as property," and once communicated to others, are "free as the air to common use."

---

[12] *Klekas v. EMI Films, Inc.*, 150 Cal. App. 3d 1102 (1984) (no breach of implied contract because plaintiff submitted work to defendant who was not involved with the allegedly infringing work); *Donahue v. Ziv Television Programs, Inc.*, 245 Cal. App. 2d 595, 607 (1966) (no privity with writer/producer employed by television company as "[i]t was not he who before or at the time of the submission impliedly promised to pay and certainly he, at no time, made any express promise").

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

Plaintiff's SAC also still includes stray references to "infringement," copyright remedies, and a direct reference to the Copyright Act in the prayer.  (SAC, pp. 16-17.)  But, as already determined, Plaintiff cannot pursue a claim for copyright infringement since he does not have a registered copyright.  Nor can he pursue state law claims for "plagiarism," as such claims are preempted by the Copyright Act, as previously briefed in connection with the prior motions to dismiss.

**3.     As leave to amend would be futile, the action should be dismissed with prejudice.**

Plaintiff has had ample time to try to state a claim.  He filed this action in June 2020.  He has amended his complaint twice, following motions to dismiss with briefing and Court Orders that detailed the deficiencies in his claims.  He now alleges a single claim for breach of implied-in-fact contract for which the statute of limitations expired in 1987, and which fails to allege any factual basis for the existence of an implied contract with Moving Defendants.  There is nowhere to go from here.  Plaintiff has resorted to *ad hominem* attacks on individuals, falsely accusing them of lying and engaging in fraudulent cover-ups without any basis.  The time has come for the Court to put an end to this frivolous lawsuit.

Accordingly, the Court should dismiss Plaintiff's lawsuit in its entirety, with prejudice.  *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996) (leave to amend is properly denied when amendment would be futile).  *See O'Connor v. Franke,* No. CV 16-3542 PA (JCX), 2017 WL 7833773, at *2 (C.D. Cal. June 26, 2017) ("[E]ven taking into account [p]laintiff's self-representation, the Court was within its discretion" to dismiss plaintiff's first amended complaint without leave to amend); *Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is particularly broad.") (citation and internal quotation marks omitted); *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725-726 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile[.]"); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049 (9th Cir. 2008) (leave to amend was properly denied where the claims were barred by the statute limitations on the face of the complaint).

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824

**F.**    **CONCLUSION**

Plaintiff cannot state a plausible claim under federal or state law.  He has had 10 months to try and multiple chances to amend.  The motion to dismiss should be granted, without leave to amend, and the lawsuit should be dismissed in its entirety with prejudice.[13]

Respectfully submitted,

Dated:  March 11, 2021                    **KATTEN MUCHIN ROSENMAN LLP**


By:  /s/Joel R. Weiner
        Joel R. Weiner
Attorneys for Defendants
Universal Studios Company LLC,
Bob Gale and Robert Zemeckis

Katten
KattenMuchinRosenmanLLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067-3012
310.788.4400 tel   310.788.4471 fax

---

[13] The dismissal should be of the entire action, including as to co-defendants Camras and Baer (whom we are informed Plaintiff never served with the summons and complaint).  There is only one claim alleged in the SAC, and the time-bar and other defenses apply to those defendants as well.

**NOTICE OF MOTION AND MOTION TO DISMISS SECOND AMENDED COMPLAINT**

147923824